(No. 12597.—Judgment affirmed.)

WASHINGTON J. WOODWORTH, Defendant in Error, *vs.* FREDERICK BECK & Co. *et al.*—(CHARLES R. BAUER-DORF, Plaintiff in Error.)

*Opinion filed October 27, 1919.*

DEBTOR AND CREDITOR—*when assignment, absolute on its face, is fraudulent as to creditors.* Where a creditor of a corporation seeks to garnishee certain debtors of the corporation, an assignment of said debtors' accounts, although absolute on its face, is fraudulent as to creditors where it is made to secure loans by stockholders of the corporation a few days before the corporation filed its voluntary petition in bankruptcy, and the assignment will not be enforced in favor of the assignee who has filed an intervening petition after being made a defendant in the garnishment proceeding.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding.

CULVER, ANDREWS, KING & STITT, for plaintiff in error.

EDWARD L. ENGLAND, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Washington J. Woodworth sued Frederick Beck & Co., a New York corporation, in the municipal court of Chicago for money claimed to be due him from the defendant for salary and commission. At the same time he caused to be issued an attachment in aid. Summons was served on a number of debtors of the defendant as garnishees. The amount plaintiff claimed to be due him from the defendant was $2259.57. The affidavit in attachment alleged the defendant was a non-resident of this State and was about to remove its property in the State of Illinois from the State; that it had fraudulently conveyed its property, or part thereof, and had within two years concealed or dis-

posed of its property so as to delay and hinder its creditors. On the day suit was commenced defendant was adjudged a bankrupt by the New York courts. The garnishees answered, admitting their indebtedness to Beck & Co. but alleging the accounts had, before the garnishees were served with garnishee summons, been assigned by the defendant to Charles R. Bauerdorf and notice of such assignment was given the garnishees by Bauerdorf. The trustee in bankruptcy and Bauerdorf were made parties defendant, but the former did not appear or make any claim to the funds. Bauerdorf filed an intervening petition, claiming the accounts owing by the respective garnishees by virtue of an assignment of said accounts made to him by Beck & Co. for a valuable consideration, as collateral security for a loan of $51,000 made by various parties to Beck & Co., and that each of the garnishees had been notified by the intervening petitioner of such assignment before suit was commenced. Plaintiff in attachment answered the intervening petition, alleging the assignment was without consideration, fraudulent and void and was made for the purpose of placing the property beyond the reach of creditors. The cause was heard by the court without the intervention of a jury, and the court made the following finding of fact: "The court finds the issues as to the claim to the funds in the hands of the garnishees in favor of the plaintiff and the right to said fund is in said plaintiff," and rendered judgment accordingly in favor of the plaintiff and against the interpleader for costs, from which judgment the intervening claimant appealed to the Appellate Court. That court affirmed the judgment and this court granted a petition for *certiorari*.

The plaintiff in error introduced in evidence an assignment by Beck & Co. of accounts aggregating $56,540.03 to Charles R. Bauerdorf as substitute trustee for Rudolph J. Shaffer and the estate of Charles F. Bauerdorf. The assignment was dated March 2, 1916, and recited a consider-.

ation of $51,000, and authorized Charles R. Bauerdorf to collect and receive payment of the accounts. The assignment recited it was given to take the place of prior assignments made by Beck & Co. to Charles F. Bauerdorf as trustee, and upon his death to Charles R. Bauerdorf as substitute trustee. The first assignment of accounts was to secure loans amounting to $41,000, alleged to have been made by the heirs of Frederick Beck, who was a stockholder in Beck & Co. but who died prior to the time the loans and assignments were made. The payees in the notes secured by the assignment were stockholders in Beck & Co. The first assignment was made in September, 1914, but the accounts assigned were collected by Beck & Co. No notice was given the debtors of the assignment of the accounts prior to the assignment of March 2, 1916. After that assignment notice was given the persons owing the accounts, and such of them as were paid were collected by Bauerdorf. The last assignment is in substantially the same form as the previous ones, and purports to be a substitution of other accounts to secure the same indebtedness and an additional $10,000. Seven days after the last assignment Beck & Co. filed its voluntary petition in bankruptcy in the State of New York and was adjudged a bankrupt. The assignment, while absolute on its face, was in fact only made as security and was constructively fraudulent as to creditors and its enforcement contrary to the policy of the laws of this State. *Beidler* v. *Crane,* 135 Ill. 92; *Clark* v. *Harper,* 215 id. 24; *Woodward* v. *Brooks,* 128 id. 222; *Edwards* v. *Schillinger,* 245 id. 231.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*